# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE PAYNE,<br><br>        Petitioner,<br><br>   v.<br><br>SUPERIOR COURT OF KERN COUNTY, et al.,<br><br>        Respondents. | 1:06-cv-00722-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      The instant federal petition was filed on June 8, 2006, and styled as a petition for writ of mandate/prohibition. (Doc. 1). Petitioner names as respondents the Superior Court of the County of Kern, and the People of the State of California. (Id.). Petitioner did not use a form petition required by this Court; as a result, his claims are confusing and difficult to comprehend. However, the following chronology appears from the approximately 200 pages of documents attached to the petition.

      On March 28, 2005, Petitioner, while confined in a state prison, was believed to have been involved in a prison riot, resulting in his placement in a small holding cell for approximately 8.5 hours. (Doc. 1, pp. 20, 24). Subsequently, Petitioner was provided a disciplinary hearing after which he was denied 90 days of credits. (Doc. 1, p. 51). Petitioner appears to have attempted to exhaust some of his administrative remedies; however, at least one of these appeals was rejected for lack of proper documentation. (Doc. 1, p. 26).

      In 2005, Petitioner filed a claim against the State of California and commenced a lawsuit in the Kern County Superior Court (the "Superior Court") against five correctional officers at his prison, based on the events described above. (Doc. 1, pp. 40-42, 46). Shortly thereafter, the Attorney General filed a demurrer on the grounds that Petitioner's complaint failed to state a claim. (Doc. 1, p. 47). On February 11, 2006, the Superior Court granted the demurrer but gave Petitioner leave to amend his complaint to state a claim. (Id., p. 63). However, it does not appear from the documents attached to the petition that Petitioner ever successfully filed an amended complaint. (Doc. 1, p. 98). As a result, the case was dismissed by the Superior Court on May 12, 2006. (Id., p. 100). Petitioner then filed what can only be construed as a motion for reconsideration, in which he indicates that he had attempted to file an amended complaint listing five claims, one each against the named defendants. (Doc. 1, pp. 105-115). It does not appear that this motion was successful, nor does it appear that Petitioner ever filed an appeal from the Superior Court's dismissal of his lawsuit.

## DISCUSSION

A.    <u>Preliminary Review of Petition.</u>

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1041-1042 (9th Cir.2001) (district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond).

      Initially, the difficulty for this Court lies in properly characterizing the operative pleading in this habeas case. It is styled as a "Petition for Writ of Mandate/Prohibition" and seeks an order from this Court to declare the rights of the parties, issue a writ of mandate against the Superior Court, and award Petitioner attorney's fees. From this perspective, it appears that

Petitioner viewed his action in the Superior Court as a civil rights claim, not an appeal from the disciplinary hearing, and that he views the instant petition as one seeking review of the Superior Court's dismissal of his civil rights claims.

Petitioner does indicate to the Superior Court that his amended petition intended to include at least two claims that are significant in these proceedings. Petitioner lists the following prospective claims he *would* have raised in the Superior Court: (1) illegal use of a videotape at the disciplinary hearing; (2) failure to allow him to present evidence in his behalf at the disciplinary hearing; (3) a correctional officer lied at the hearing about his use of mace during the prison riot; (4) a correctional officer erroneously allowed inmates access to the wrong "yard," thus provoking the riot; and (5) cruel and unusual punishment in requiring Petitioner to stand in a small holding cell for over seven hours after he was removed from the riot. (Doc. 1, pp. 105-113). Thus, it appears to the Court that, arguably, four of the five "claims" Petitioner wished to raise in the Superior Court, but did not, related to the evidence, or lack thereof, at his prison disciplinary hearing. However, it also bears emphasis that these "claims" were never actually raised as such, since no amended petition was ever properly filed in the Superior Court.

Moreover, in his handwritten petition to this Court, Petitioner's claim appears directed exclusively at the Superior Court's allegedly improper dismissal of his civil rights suit. Petitioner expressly alleges that he is "aggrieved by" the Superior Court's denial of his motions and the granting of the Attorney General's motions. (Doc. 1, p. 4). Petitioner goes on to allege that he has no plain, speedy, or adequate remedy and that, if this Court does not act, his case will be dismissed on a legal error. (Id., p. 5). Petitioner asks this Court to issue a restraining order against the Superior Court from taking further steps based on legal error and to order Petitioner remanded back to the Superior Court for a jury trial on his issues. (Id.).

B.      Failure to State A Habeas Claim.

Based on the state of this record, the Court has no choice but to construe the instant "petition" as one seeking judicial review of a state court ruling dismissing a civil rights lawsuit, not as a habeas corpus claim challenging either Petitioner's conviction or sentence, or the execution thereof. Although Petitioner indicated to the Superior Court that he intended to amend

3

the complaint to include claims relating to his disciplinary hearing, that amended petition was never properly filed before the case was dismissed. Accordingly, those claims are not properly before this Court in these proceedings, even indirectly by way of reviewing the Superior Court dismissal of his lawsuit, much less directly by being properly pleaded in a federal habeas petition.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'")(quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092 (1990)); Gilmore v. Taylor, 508 U.S. 333, 348-349, 113 S.Ct. 2112 (1993)(O'Connor, J., concurring)("mere error of state law, one that does

not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239, 110 S.Ct. 2822 (1990)(quoting Dugger v. Adams, 489 U.S. 401, 409, 109 S.Ct. 1211 (1989)); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990)("incorrect" evidentiary rulings are not the basis for federal habeas relief).

In this case, Petitioner complains that the Superior Court made an error of state law in dismissing his lawsuit against the five correctional officers. Petitioner is not challenging the fact or duration of his confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and the instant petition must be dismissed.

C.     Failure to Exhaust Remedies.

Moreover, it does not appear that Petitioner has even attempted, much less succeeded, in exhausting his claims in state court. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan,

5

513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 8, 112 S.Ct. 1715 (1992), <u>superceded by statute as stated in</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-366; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), <u>amended</u>, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000), <u>amended</u>, 247 F.3d 904 (2001) (italics added).

As mentioned, Petitioner does not allege any state court proceedings that would have exhausted his claims relating to the Superior Court's dismissal of his lawsuit. Accordingly, the petition must be dismissed for lack of exhaustion as well.

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus (Doc. 1), be DISMISSED for failure to state a claim upon which relief can be granted and for lack of exhaustion.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 17, 2007**          /s/ Theresa A. Goldner
                                        UNITED STATES MAGISTRATE JUDGE